**pillsbury**

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

James M. Catterson
tel: +1.212.858.1048
james.catterson@pillsburylaw.com

**VIA ECF**  April 17, 2025

Honorable Eric N. Vitaliano
United States District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re**:** *Roosevelt Road Re, Ltd. et al. v. Liakas Law, P.C. et al.*
     *Case No. 1:25-CV-0300-ENV-RML*

Dear Judge Vitaliano:

  We represent Defendants Liakas Law, P.C. (the "Firm"), and Dean N. Liakas ("Liakas") (collectively, "Liakas Law") in the above-referenced matter. In accordance with Section III(A)(i) of Your Honor's Individual Practices, we respectfully request a pre-motion conference in anticipation of filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

  Plaintiffs Roosevelt Road Re, Ltd. ("Roosevelt"), a Bermuda-based reinsurer, Tradesman Program Managers, LLC ("Tradesman"), Roosevelt's managing agent, and Ionian Re, LLC ("Ionian"), a Vermont-based reinsurer, (collectively, "Plaintiffs") filed the underlying complaint on January 17, 2025 (the "Complaint"). Plaintiffs allege that various doctors, medical professionals, and lawyers, including Liakas Law, engaged in a RICO scheme to defraud Plaintiffs by encouraging unidentified construction workers to stage workplace accidents and seek unnecessary medical treatment in an effort to extract inflated settlements from unnamed primary insurers who do not appear in this action. See Dkt. No. 1. These generic allegations have been recycled across a litany of complaints filed by the Willis Law Group. They are based on pure conjecture, evincing a lack of diligence and good faith. Most significantly, Plaintiffs do not claim they have paid out a single dollar to settle any claim to any party in this action.

  "Because the mere assertion of a RICO claim . . . has an almost inevitable stigmatizing effect on those named as defendants, . . . courts should strive to flush out frivolous RICO allegations at an early stage of the litigation." Moss v. BMO Harris Bank, N.A., 258 F. Supp.3d 289, 297 (E.D.N.Y. 2017) (internal quotations and citations omitted). Plaintiffs' claims against Liakas Law are undoubtedly frivolous and subject to dismissal.

  A. *Plaintiffs lack both constitutional and statutory standing.*

  Plaintiffs lack Article III and RICO standing because they fail to articulate a cognizable injury or allege causation. To demonstrate constitutional standing, a plaintiff must establish "(1) [she] suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Lacewell v.

Hon. Eric N. Vitaliano
Page 2

Office of Comptroller of Currency, 999 F.3d 130, 141 (2d Cir. 2021) (internal quotations and citations omitted).  Standing under civil RICO is even more "rigorous."  Denney v. Deutsche Bank AG, 443 F.3d 253, 266 (2d Cir. 2006).  To satisfy the injury element of the RICO statute, there must be a direct relationship between the plaintiff's asserted injury and the injurious conduct alleged.  Put differently, the defendant's conduct must be the "but for" cause *and* the proximate cause of the plaintiff's injury.  See Holmes v. Securities Investor Protection Corp., 503 U.S. 258, 265–69 (1992).

      Here, Plaintiffs are two reinsurers and a reinsurer's managing agent.  Roosevelt and Ionian contend that they have incurred "claim adjustment expenses" in processing the primary insurer's claims, and Tradesman complains it has been obligated to retain additional staff to manage claims.  Dkt. No. 1.  Notwithstanding that a reinsurer's rights against a third party as subrogee do not accrue until actual payment of a loss, Plaintiffs do not claim that they have contributed to any purportedly inflated settlement or judgment against the insured.  Plaintiffs are not aggrieved parties.

      Moreover, Plaintiffs did not suffer any direct injury from any of the alleged predicate acts.  Tradesman performs management services for Roosevelt and, as reinsurers, Roosevelt and Ionian have no responsibility to investigate or defend a claim.  "Settlements, as well as the investigation and defense of claims are the sole responsibility of the primary insurer."  Unigard Sec. Ins. Co. v. N. River Ins. Co., 79 N.Y.2d 576, 583 (1992).  Plaintiffs cannot mount a collateral challenge to an unidentified primary insurer's coverage and allocation determinations by subrogated RICO suit.  Further, seeking redress for litigation-related costs does not confer standing.  See Food & Drug Admin. v. All. for Hippocratic Med., 602 U.S. 367, 394 (2024).

### B. *Plaintiffs fail to plead the requisite elements of RICO or allege fraud with particularity*.

      Plaintiffs plead *none* of the required elements of a RICO claim: (1) conduct, (2) of an enterprise, (3) through a pattern (4) of racketeering activity, as well as injury to business or property due to the RICO violation.  First Capital Asset Mgt., Inc. v. Satinwood, Inc., 385 F.3d 159, 173–75 (2d Cir. 2004).  Further, any predicate acts of fraud are subject to the heightened pleading standard of Fed. R. Civ. P. 9(b).  See Wexner v. First Manhattan Co., 902 F.2d 169, 172 (2d Cir. 1990).  The Complaint is devoid of specific fraudulent acts and statements.  It contains no detail regarding the time or place of the acts and fails to provide such basic facts as the name of each allegedly fraudulent claimant, the case caption and number under which the claimant sued, or the outcome of the case and amount Plaintiffs contributed.  Legitimate business transactions repackaged as fraud and boilerplate allegations that Liakas Law engaged in a pattern of fraudulent conduct must be rejected.

      Plaintiffs also fail to establish an enterprise where defendants functioned together as a "continuing unit with a common purpose."  Curtis v. Greenberg, 2023 U.S. App. LEXIS 25800, at *1 (2d Cir. Sept. 29, 2023) (internal quotations and citations omitted).  Rather, Plaintiffs simply add defendants to the same flow chart they have recycled in numerous other actions and assert the legal conclusion that the chart shows a cohesive enterprise.  That is patently insufficient.  See First Capital Asset Mgt., Inc., 385 F.3d at 175 ("Plaintiffs' conclusory naming of a string of entities does not adequately allege an enterprise") (internal quotations and citations

Hon. Eric N. Vitaliano
Page 3

omitted). Plaintiffs also fail to allege a conscious agreement among the defendants, or *any* act committed by Liakas individually.

Additionally, broad and conclusory allegations that Liakas Law used mailings and wires to submit alleged fraudulent medical documentation to various courts and to the New York State Workers' Compensation Board ("NYSWCB") do not establish a pattern of racketeering activity. It is well-settled that the use of mail and wire communications in filing legal documents, even those alleged to be fraudulent, without more, cannot constitute a RICO predicate act. See Nakahara v. Bal, 1998 U.S. Dist. LEXIS 825, at *17-21 (S.D.N.Y. Jan. 29, 1998). Because the Complaint fails to sufficiently plead a substantive RICO claim, the RICO conspiracy must also be dismissed. First Capital Asset Mgt., Inc., 385 F.3d at 182.

### C. *This Court should not exercise supplemental jurisdiction over Plaintiffs' claims.*

This Court should not exercise supplemental jurisdiction over Plaintiffs' state common law claims for fraud, unjust enrichment, and declaratory relief. Again, Plaintiffs have failed to allege that they have paid out on any claim to any party to this action. If, as the Complaint suggests, purportedly fraudulent claims are already pending in New York State Supreme Court, those courts are the proper venue in which to determine Plaintiffs' claims. Moreover, Plaintiffs' state law claims fail as a matter of New York State law because Plaintiffs do not plead any of the requisite elements of a fraud claim with particularity.

### D. *Plaintiffs may not circumvent enforceable settlement agreements.*

Any claims which were settled and released by the primary insurer are also subject to dismissal. Settlement agreements are strongly favored in New York and may not be lightly cast aside. United States v. Bank of New York, 14 F.3d 756, 759 (2d Cir. 1994). Further, "a general release executed even without knowledge of a specific fraud effectively bars a claim or defense based on that fraud." Sotheby's, Inc. v. Dumba, 1992 U.S. Dist. LEXIS 965, at *21 (S.D.N.Y. Jan. 28, 1992) (internal citations omitted).

### E. *Plaintiffs' claims are barred on other grounds.*

Finally, Plaintiffs' claims are untimely and unripe. See Agency Holding Corp. v. Malley-Duff & Associates, Inc., 483 U.S. 143, 156 (1987) (Civil RICO claims subject to four year statute of limitations); Sahebdin v. Khelawan, 2022 U.S. Dist. LEXIS 172964, at *28-29 (E.D.N.Y. Sept. 24, 2022) (common law fraud must be commenced within six years of the cause of action accruing or two years from the time plaintiff knew, or should have known through reasonable inquiry, of the fraud). Any claims which are still pending before a court in this State are not ripe for adjudication by this Court. First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 768 (2d Cir. 1994).

Liakas Law respectfully reserves the right to identify and assert additional grounds for dismissal.

Hon. Eric N. Vitaliano
Page 4

                                                   Respectfully submitted,

                                                   _____
                                                   James M. Catterson
                                                   Partner

CC: All counsel of record via E-Filing
Vadim Lerman, D.O. via Overnight FedEx
Abhishek Kumar, M.D. via Overnight FedEx
Shiveindra Jeyamohan, M.D. via Overnight FedEx
Pain Physicians NY, P.L.L.C. via Overnight FedEx
LR Medical, P.L.L.C. via Overnight FedEx
Boleslav Kosharskyy, M.D. via Overnight FedEx
Roman Shulkin, M.D. via Overnight FedEx
Leonid Reyfman, M.D. via Overnight FedEx
Precision Pain Management, P.C. via Overnight FedEx
Ari Benjamin Lerner, M.D. via Overnight FedEx
BL Pain Management d/b/a Pain Management NYC via Overnight FedEx