

<u>VIA ECF</u>　　　　　　　　　　　　　　　　　　　　　　　　　　　　May 2, 2025
Honorable Eric N. Vitaliano
United States District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**RE:**　　*Roosevelt Road Re, Ltd. et al. v. Liakas Law, P.C. et al.*; 1:25-cv-00300-ENV-RML

Dear Judge Vitaliano:

　　This firm represents Plaintiffs Roosevelt Road Re, Ltd. ("Roosevelt"), Tradesman Program Managers, LLC ("Tradesman") and Ionian Re, LLC ("Ionian"). Pursuant to Rule III(A) of Your Honor's Individual Practice Rules, Plaintiffs submit this response to Defendants McCulloch Orthopedic Surgical Services, P.L.L.C. ("McCulloch Ortho"), Kenneth McCulloch-Otero, M.D., and David R. Capiola, M.D. (collectively "McCulloch Defendants") request (ECF No. 88) to schedule a pre-motion conference.  For the reasons discussed below, the McCulloch Defendants' request for a pre-motion conference, and any anticipated motion to dismiss, should be denied.

　　On January 17, 2025, Plaintiffs filed their Complaint ("Complaint") (ECF No. 1). The Complaint describes a massive fraud scheme ("Fraud Scheme") in which the Liakas Defendants, among others, have, since 2018 to the present, filed and prosecuted *thousands* of fraudulent workers' compensation claims and personal injury lawsuits in New York to defraud Plaintiffs and others for communal financial benefit [Compl. ¶¶ 57-356]. These claims are predicated upon staged work-place accidents that allegedly entailed significant, costly, and unnecessary medical procedures, which were used to inflate the settlement value of the claims and the lawsuits [*Id.*]. The costs of the Fraud Scheme has and continues to be borne by Plaintiffs, insurance companies, and the citizens of New York. This lawsuit (and similar lawsuits filed in this district) seek to hold Defendants liable for the Fraud Scheme.

　　As an initial matter, the McCulloch Defendants incredulously contend that the Complaint lacks specificity and contains the same generic allegations as in other RICO litigations pending in the Eastern District of New York. Yet, at the same time, also confirm that hundreds of the Complaint's 392 paragraphs illustrate the specific underlying Claimants' receipt of care from defendant medical providers and validate that the McCulloch defendants provided care to 3 of the 8 Claimants where invoices were paid to them for the unnecessary, excessive, unwarranted and/or not causally related services. The Complaint contains more than sufficient specificity for the McCulloch Defendants to identify and confirm their patient-claimants, the fraudulent services provided and the communication of material seeking payment for same. These predicate acts caused direct injury to Plaintiffs.

　　<u>First</u>, Plaintiffs possess standing under both Article III and RICO. To have standing under RICO, plaintiff must at a minimum plead (1) a defendant's violation of §1962; (2) injury to the plaintiff's business/property; and (3) causation of the injury by the defendant's violation. *DDR Constr. Servs. v. Siemens Indus.*, 770 F.Supp.2d 627, 649-50 (S.D.N.Y. 2011) (quoting *Lerner v.*

**PENNSYLVANIA  |  NEW YORK  |  NEW JERSEY  |  DELAWARE  |  WEST VIRGINIA  |  FLORIDA  |  TEXAS**

The Willis Law Group, PLLC  |  1985 Forest Lane, Garland, Texas 75042
(214) 736.9433 – Main  |  (214) 736.9994 - Facsimile
TheWillisLawGroup.com  |  E-Service Address: service@thewillislawgroup.com

Honorable Eric N. Vitaliano
May 2, 2025
Page 2 of 3

*Fleet Bank, N.A.*, 318 F.3d 113 (2d Cir. 2003). The Complaint pled Defendants' racketeering activity violated §§ 1962(c) and 1962(d) of RICO, injuriously to Plaintiffs' business. [Compl. ¶¶ 357-68].

Roosevelt and Ionian suffered damages in the form of the mandatory reimbursement payments they made to insurers for fraudulent general liability and/or workers' compensation claims compounded by the unnecessary litigation expenses they incurred defending against the fraudulent workers' compensation claims and personal injury lawsuits that otherwise would be barred by operation of New York law [Compl. ¶¶ 335-56]. Tradesman has suffered damages in the form of (1) expenses it incurred to administer, investigate, and provide support services for the fraudulent claims, (2) business it lost as a result of the Fraud Scheme, and (3) payment of increased commissions to reinsurers because of the artificially inflated loss ratios caused by the Fraud Scheme [*Id.*]. Plaintiffs' damages are not contingent upon injuries to other parties. Plaintiffs were contractually obligated to make reimbursements and to defend personal injury lawsuits and workers' compensation claims. Tradesman's administrative, investigative, and support services expenses and increased commissions were borne by it alone, thereby, its injuries were actually and proximately caused by, *inter alia,* the McCulloch Defendants' predicate acts. [Compl. ¶¶ 337, 338, 339-344, 350-354]. Consequently, Plaintiffs have standing.

Plaintiffs have Article III standing because their tangible, concrete injuries are directly traceable to McCulloch Defendants' conduct and a favorable decision will redress Plaintiffs' injuries.

Plaintiffs have standing under RICO because a direct relationship exists between the injurious conduct of McCulloch Defendants and Plaintiffs' damages. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014); *Hemi Grp., LLC v. City of New York, N.Y.*, 559 U.S. 1, 10 (2010). The McCulloch defendants confirmed, as alleged, that they provided care to 3 of the 8 claimants; and that conduct, the provision of unnecessary, excessive, unwarranted and/or not casually related medical services, contributed to inflating the settlement value(s) of the Claimants' lawsuits and exponentially increased litigation-related expenses spent combatting fraudulent lawsuits. Recurring, voluminous yet unnecessary and/or excessive claims like those at issue here are injuries to Plaintiffs under RICO. *Angermeir v. Cohen*, 14 F.Supp.3d 134, 153 (S.D.N.Y. 2014).

Second, the Court can reasonably infer from the Complaint's allegations that the McCulloch Defendants violated §1962(c) as follows: An association-in-fact enterprise exists among Defendants. *Boyle v. United States*, 556 U.S. 938, 946. For one, the enterprise has a purpose: its participants share in the economic benefits generated by the fraudulent scheme [Compl. ¶¶ 57, 69-73]. Two, the Complaint alleges a structure, hierarchy, and relationships among Defendants, who operated as a "unit" by performing specific roles [Compl. ¶¶ 59-92, 188-329]. And three, the Complaint alleges the enterprise has sufficient longevity because it began on or before 2018 [Compl. ¶¶ 93, 330].

The McCulloch Defendants were members of the enterprise who knowingly participated in the conduct of the enterprise's affairs specifically (1) by McCulloch Ortho providing medical treatment to numerous Claimants involving purported construction work injuries; (2) By Kenneth McCulloch, orthopedic surgeon principal of McCulloch Ortho and NY S&J, controlling and directing medical services provided to Claimants and overseeing his employees in their evaluating, diagnosing and performing surgeries in furtherance of and as a necessary step for the execution of the Fraud Scheme; [Compl. ¶¶ 300-302]; and (3) By Defendant Capiola orthopedic surgeon employee of

McCulloch Ortho and NY S&J, controlling and directing medical services provided to Claimants evaluating, diagnosing and performing surgeries; [Compl. ¶ 303].

The Second Circuit held that a RICO enterprise "is proved by evidence of an ongoing organization, *formal or informal*, and…that various associations function as a continuing unit." *United States v. Applins, 637 F.3d 59, 73 (2d Cir. 2011).* Here, in concert with each other and other defendants, the McCulloch Defendants submitted or caused the submission of fraudulent medical documentation by mail or electronic means to claimants' worker's compensation carriers, primary insurers, legal service providers, WCB and others involved for the communal purpose of seeking reimbursement for medical services that were unnecessary, excessive, costly or not causally related to the alleged workplace accident. [Compl. ¶ 304-308]. Because Plaintiffs have pled that the enterprise was ongoing and that its racketeering activities were a regular way of doing business, Plaintiffs satisfy the requirement of continuity. *H.J. Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 230 (1989). Because such conduct is expected to continue in the future, open-ended continuity is also present. *Id.* And, since the predicate acts include a timespan of more than two years, close-ended continuity also exists. *Grace Intl. Assembly of God v. Festa,* 797 F App'x 603, 605 (2d Cir. 2019).

The McCulloch Defendants engaged in "racketeering activity" by committing at least three instances of federal mail and wire fraud [Compl. ¶ 330(iii) (transmission of Dr. Capiola's examinations dated February 28, 2022 and May 9, 2022 and requests for authorization for left knee arthroscopy dated August 25, 2023 and February 5, 2024 on Claimant C to the WCB); (v) (transmission of Dr. Sharma employee/agent of McCulloch Ortho request dated July 14, 2023 for prior authorization for right ankle surgery; and subsequent claim form and report of August 11, 2023 surgery on Claimant E to the WCB) and (vi)(transmission of Dr. Capiola's February 1, 2021 Doctor's Progress Report with recommendation for left shoulder arthroscopy and right knee arthroscopy on Claimant F to the WCB)]; *Sykes v. Mel Harris & Assocs., LLC*, 757 F.Supp.2d 413 (S.D.N.Y. 2010). These predicate acts relate to just three exemplars pled in the Complaint (not the entire Fraud Scheme) and satisfy the heightened pleading standard propagated by Rule 9(b).

Third, because the Complaint sufficiently pleads a substantive RICO claim, the RICO conspiracy claim is viable, too. Because the RICO claims are viable, the Court should permit Plaintiffs' request for common law fraud, unjust enrichment and declaratory relief by exercising supplemental jurisdiction over the state law claims, which derive "from a common nucleus of operative fact" and form part of the same case or controversy. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). In addition, for the reasons stated above, the elements of the common law fraud claim, conspiracy to commit fraud and unjust enrichment have been adequately pled, including the misrepresentations by McCulloch Defendants, which have been pled with particularity.

Fourth, Plaintiffs have submitted a short, plain and succinct statement of the fraud scheme demonstrating entitlement to relief. [Compl. ¶57]. The Complaint satisfies Federal Rule of Civil Procedure 8 because it gives Defendants "fair notice of what the claim is . . . and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

                                                       Respectfully Submitted,
*/s/ William J. Clay*
William J. Clay

cc: All Counsel of Record (via ECF)