

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

James M. Catterson
tel: +1.212.858.1048
james.catterson@pillsburylaw.com

Via ECF					February 20, 2026

The Honorable Eric N. Vitaliano
Senior United States District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: **Roosevelt Road Re, Ltd. et al. v. Liakas Law, P.C., et al.,**
     Case No. 1:25-cv-00300-ENV-RML

Dear Judge Vitaliano:

  We represent Defendants Liakas Law, P.C. and Dean N. Liakas (hereinafter collectively referred to as "Liakas Law") in the above-referenced matter. We write to alert Your Honor to additional persuasive authority from the Eastern and Southern Districts of New York, attached hereto for the Court's convenience.

  In Roosevelt Road Re, Ltd. and Tradesman Program Managers, LLC v. William Schwitzer & Associates, P.C., et al., Case No. 25-cv-3386 (hereinafter referred to as "Schwitzer"), the Honorable Brian M. Cogan dismissed RICO claims brought by Roosevelt Road Re, Ltd. and Tradesman Program Managers, LLC, both of whom are plaintiffs in this case. Id., ECF No. 122 at 1. Noting that, in Roosevelt Road Re, Ltd. v. Subin, No. 24-cv-5033 (E.D.N.Y. July 19, 2024) (hereinafter referred to as "Subin"), Judge Gonzalez had already dismissed one of these lawsuits because plaintiffs lacked RICO standing, Judge Cogan found that the plaintiffs were collaterally estopped from relitigating that issue. Schwitzer, ECF No. 122 at 2, 8. Specifically, Judge Cogan rejected plaintiffs' efforts to "repackage[] the factual allegations to appear as if they are not as far removed from the alleged fraud" to suggest they have RICO standing. Id. at 3, 8. Notably, Judge Cogan specifically referenced the instant case, (id. at 1 n.1) and observed that this case, Schwitzer and Subin allege "virtually identical racketeering schemes" based on substantially the same facts. Id. at 1-2. Just as in Schwitzer, "[t]here is no serious dispute that the issue – whether plaintiffs have RICO standing – is identical" to the one already decided in Subin, and the Complaint should therefore be dismissed.

  We also write to alert Your Honor to a second relevant decision issued this week in Donlon v. City of New York et al., Case No. 25-cv-5831 (DLC) (hereinafter referred to as "Donlon"). There, Judge Cote of the Southern District of New York dismissed a sprawling civil RICO complaint filed against various defendants, including the former mayor of New York City and members of the New York City Police Department. Remarking that the complaint in that action was "lengthy, covering 243 pages," that much of the complaint was "devoted to argument." Further, Judge Cote observed that "some events are described only in broad brushstrokes without specified dates," issues that also fatally plague the complaint in the instant

matter. Judge Cote dismissed the civil RICO claims under Federal Rules of Civil Procedure 8 and 9(b). <u>Donlon</u>, ECF No. 55 at 2, 17, 18, 22. The "fundamental defect," Judge Cote explained, was that the complaint "fail[ed] to plead that the defendants acted with a common purpose" because there were insufficient allegations that they had formed an association-in-fact enterprise. <u>Id.</u> at 22, 25. Here, the 201-page complaint, which relies on legal argument and fails to properly allege a common purpose or association-in-fact, should likewise be dismissed.

Liakas Law respectfully requests that the Court consider this supplemental authority in support of its pending motion to dismiss.

Respectfully submitted,

James. M. Catterson
Partner

CC: All counsel of record via E-Filing