# pillsbury

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

James M. Catterson
tel: +1.212.858.1048
james.catterson@pillsburylaw.com

**VIA ECF**                                                                 March 5, 2026

The Honorable Eric N. Vitaliano
United States District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re**:**  **Roosevelt Road Re, Ltd. et al. v. Liakas Law, P.C. et al.,**
> **Case No. 1:25-cv-00300-ENV-RML**

Dear Judge Vitaliano:

We represent Defendants Liakas Law, P.C. (the "Firm"), and Dean N. Liakas ("Liakas") (collectively, "Liakas Law") in the above-referenced matter.  In accordance with Section III(A) of Your Honor's Individual Practices, we respectfully request a pre-motion conference in anticipation of filing a motion for sanctions against The Willis Law Group ("Willis Law"), Roosevelt Road Re ("Roosevelt"), Tradesman Program Managers, LLC ("Tradesman"), and Ionian Re, LLC ("Ionian" and hereinafter collectively with Roosevelt and Tradesman, "Plaintiffs") pursuant to Fed. R. Civ. P. 11.

Put simply, Willis Law has abused the judicial process by, among other things, filing a series of at least twelve substantively identical civil RICO complaints against various law firms and medical providers, all alleging the same scheme in the same geographic region during the same time period.  As described in more detail below, the Complaint was filed for an improper purpose, the legal claims are not warranted by existing law, and the factual contentions lack any evidentiary support.  For these reasons, we served Willis Law with a Rule 11 letter and draft Rule 11 motion on February 9, 2026, informed Willis Law that its Complaint in this matter violates Rule 11(b), and told Willis Law that it was obligated to withdraw it.  The 21-day safe harbor has now elapsed, and Willis Law has not withdrawn its Complaint.  Accordingly, we write to set forth the reasons for our Motion, which we are prepared to file.

First, the Complaint was filed for an improper purpose in violation of Rule 11(b)(1). Courts are permitted to look "outside of litigation" to determine whether "there is an ulterior motive behind [a] lawsuit."  An v. Despins, No. 22-CV-10062, 2023 U.S. Dist. LEXIS 134571, at *6 (S.D.N.Y. Aug. 2, 2023).  That is precisely the case here.

Since March 2024, Willis Law has filed essentially identical lawsuits on behalf of a recurring cast of purported insurance and reinsurance companies.[1]  Each of these plaintiffs has a

---

[1] See Roosevelt Road, Re, Ltd. et al. v. Hajjar et al., No. 1:24-cv-1549-NG-LB (E.D.N.Y. Mar. 1, 2024); Roosevelt Road, Re, Ltd. et al. v. Wingate Russotti, Shapiro, Moses & Halperin, LLP et al., No. 1:24-cv-6259-NCM-VMS (E.D.N.Y. Sept. 6, 2024); Ionian Re, LLC, v. Gorayeb & Associates, P.C. et al., No. 1:24-cv-07098-RPK-PK

direct financial interest in chilling personal injury advocacy and suppressing insurance payouts. It is therefore no surprise that the twelve lawsuits filed by Willis Law that we have identified to date each target a prominent New York personal injury law firm, branding each a fraudster on threadbare allegations that fail to meet the requisite pleading standards.  Properly read, Willis Law has accused well-respected attorneys of being racketeers simply because they did their jobs.

In addition to these RICO lawsuits, Willis Law has also filed *qui tam* lawsuits against several of these firms, including Liakas Law.[2]  Those complaints are plainly barred by the very act under which they are brought (the False Claims Act), because they are based entirely on publicly available information.  31 U.S.C. § 3730(e)(4)(A).

To ensure its campaign-by-litigation is notorious, Willis Law has taken a second step: it has orchestrated a public relations offensive, which has included press conferences, podcast appearances, and seminar classes, all of which have been promoted online.  This conduct is designed to destroy these law firms' reputations.  As just one recent example of this all-out-attack on personal injury lawyers, less than 24 hours after Willis Law's frivolous, soon-to-be-dismissed *qui tam* lawsuit against Liakas Law, P.C. and its principals was unsealed, the iFraud Foundation—an anti-insurance fraud organization with which Willis Law has aligned—posted a link to an eleven-plus-minute pre-scripted podcast (posted on YouTube) that breaks down the frivolous allegations in detail.  There can be no dispute that this is yet another tactic to chill advocacy, just like Willis Law's filing of the Complaint.  Because these actions and others reveal that Willis Law filed the Complaint for an "improper purpose," the Complaint must be withdrawn pursuant to Rule 11(b)(1).

Second, the Complaint contains claims that are not "warranted by existing law or by a nonfrivolous argument for . . . modifying . . . existing law," which separately violates Rule 11(b)(2).  Civil RICO imposes a "rigorous" standing requirement.  DLJ Mortg. Cap., Inc. v. Kontogiannis, 726 F. Supp. 2d 225, 236 (E.D.N.Y. 2010).  There must be a "direct relation" between the alleged injury and the injurious conduct.  Hemi Grp., LLC v. City of New York, 559 U.S. 1, 9 (2010).  Plaintiffs—two reinsurance companies and an administrative services company—lack standing.  Indeed, Judge Cogan recently dismissed a nearly identical complaint

---

(E.D.N.Y. Oct. 8, 2024); Ionian Re, LLC et al. v. Cedillo, et al., No. 1:24-cv-7969-DG-JRC (E.D.N.Y. Nov. 15, 2024); Roosevelt Road Re, Ltd., v. Subin et al., No. 1:24-cv-05033-HG (E.D.N.Y. Nov. 26, 2024); Roosevelt Road Re, Ltd., et al. v. Liakas Law, P.C. et al., No. 1:25-cv-00300-ENV-RML (E.D.N.Y. Jan. 17, 2025);  Union Mutual Fire Insurance Company v. Liakas Law et al., No. 1:25-cv-1857-FB-CHK (E.D.N.Y. Apr. 3, 2025); Union Mutual Fire Insurance Company v. Subin Associates, LLP et al., 1:25-cv-02652-OEM-CLP (E.D.N.Y. May 12, 2025); Roosevelt Road, Re, Ltd. et al. v. William Schwitzer & Associates P.C. et al., No. 1:25-cv-3386-NKE (E.D.N.Y. Jun. 16, 2025); Merchants Mutual Insurance Co. v. William Schwitzer & Associates, P.C., et al., No. 1:25-cv-5859 (E.D.N.Y. Oct. 20, 2025); Greater New York Insurance Company v. Liakas Law, P.C. et al., No. 1:26-cv-00450-FB-PK (E.D.N.Y. January 27, 2026); Greater New York Insurance Company v. Subin Associates, LLP, et al., No. 1:26-cv-00470-CBA-VMS (E.D.N.Y. January 27, 2026).

[2]  See, e.g., United States of America, ex rel. Tradesman Program Managers, LLC v. Liakas Law, P.C. et al., Case No. 25-cv-02859 (S.D.N.Y.); United States of America, ex rel. Tradesman Program Managers, LLC v. Elefterakis Elefterakis & Panek, P.C. et al., Case No. 25-cv-02853 (S.D.N.Y.); United States of America, ex rel. Rajson Investigations, LLC v. Caesar, Napoli & Spivak PLLC f/k/a Caesar and Napoli, P.C., Case No. 1:25-cv-03798-JGK (S.D.N.Y.).

filed by Plaintiffs.  See Roosevelt Road, Re, Ltd. et al. v. William Schwitzer & Associates P.C. et al., No. 1:25-cv-3386-BC-NKE (E.D.N.Y. Jun. 16, 2025) ECF No. 122.

Taking the Complaint as true, there is no allegation that the claimants who purportedly faked or exaggerated workplace accidents intended to harm Plaintiffs.  Plaintiffs are multiple steps removed from any alleged injury from the alleged scheme, and no post-hoc, self-serving declaration can change Plaintiffs' status as reinsurers, much less modify the allegations in the operative Complaint.  In any event, Plaintiffs' claims are unripe, because the claimants' lawsuits are still proceeding through state court system, rendering any alleged damages fictious. To be clear, Plaintiffs did not allege defendant-specific damages and instead impermissibly alleged the exact same damages as it did for other complaints.

Independent of this insurmountable standing defect, the boilerplate claims recycled by Willis Law fail on the merits.  As is already clear in Liakas Law's pending motion to dismiss, Plaintiffs have not plausibly alleged a RICO enterprise.  Not only has Willis Law failed to allege a common purpose of the alleged scheme, but the Complaint makes no effort to allege how the defendants are associated with one another, or that they knew each other at all.  Indeed, setting aside the conclusory allegation that the entire scheme was "directed" by Liakas Law, there is not a *single* factual allegation that Liakas Law directed any claimant to fabricate or falsify an injury, or that Liakas Law gave any instruction whatsoever to any of the medical professional defendants.  Merely repeating the elements of a RICO claim does not set forth the factual averments necessary to support a RICO claim.  Because Plaintiffs clearly lack standing and have failed to allege factual averments in support of all the elements of RICO, the Complaint must be withdrawn pursuant to Rule 11(b)(2).

Third, Willis Law has violated Rule 11(b)(3) because "the factual contentions [in the Complaint lack] evidentiary support."  As Willis Law knows, it was required to meet Rule 9(b)'s heightened pleading requirements, which means it needed to allege fraud with particularity. Jordan v. Tilzer, No. 21-1938, 2022 WL 16544335, at *2 (2d Cir. Oct. 31, 2022).  Once again, the Complaint's conclusory factual allegations that simply recite legal buzzwords fall woefully short.

Worse, the alleged RICO conspiracy is utterly implausible.  Numerous non-party medical providers treated the claimants who Willis Law identified in the Complaint.  Further, in some of the underlying state law cases filed by the claimants who Willis Law identified in the Complaint, Liakas Law was substituted out as counsel.  See, e.g., Genesis Rodriguez v. Alba Services Inc. et al., Index No. 504703/2022, NYSCEF Doc. No. 20 (Claimant C); Luis Afredo Castra Solis v. Boston Tremont Housing Development Fund Corporation et al., Index No. 802706/2021E, NYSCEF Doc. No. 27 (Claimant H). That non-party medical providers treated the Claimants and that non-party attorneys saw fit to prosecute on behalf of those Claimants well after Liakas Law was no longer counsel affirmatively undermine any inference of a RICO scheme.

In light of the material and incurable defects in the Complaint—defects that would have been apparent had Willis Law undertaken even a minimal pre-filing inquiry, or meaningfully vetted the claimants' alleged injuries—it is incontrovertible that Willis Law failed to conduct the reasonable inquiry required by Rule 11.

Hon. Eric N. Vitaliano
Page 4

Respectfully submitted,

James. M. Catterson
Partner

CC: All counsel of record via E-Filing